IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAFAEL LOPEZ,  No. CIV S-08-2645-JAM-CMK-P

    Petitioner,

  vs.  FINDINGS AND RECOMMENDATIONS

MARTEL,

    Respondent.

_____/

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (Doc. 21) the petition as untimely. Petitioner has not filed an opposition.

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct

1

review. See 28 U.S.C. § 2244(d)(1). In cases involving a challenge to the denial of parole, the statute of limitations begins to run on the date that parole is denied. See Redd v. McGrath, 343 F.3d 1077, 1085 (9th Cir. 2003). In cases challenging prison disciplinary proceedings, the limitation period begins to run the day after the petitioner receives notice of final denial of his administrative appeals. See Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004). There is a presumption, which the petitioner may rebut, that notice was received the day the denial was issued. See Valdez v. Horel, 2007 WL 2344899 (E.D. Cal. 2007).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 127 S.Ct. 1079 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

/ / /

/ / /

1 | There is no tolling for the interval of time between post-conviction applications
2 | where the petitioner is not moving to the next higher appellate level of review. See Nino, 183
3 | F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no
4 | tolling for the period between different sets of post-conviction applications. See Biggs v.
5 | Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct
6 | review and the filing of a state post-conviction application does not toll the limitations period.
7 | See Nino, 1983 F.3d at 1006-07.

In this case, petitioner challenges a prison disciplinary proceeding. According to respondent, the disciplinary decision was issued on September 16, 2002. Therefore, it is presumed that petitioner received notice of the decision on the same day, and petitioner has offered nothing to rebut this presumption. On June 16, 2003, petitioner filed a habeas corpus petition relating to the disciplinary decision in the Kings County Superior Court. The petition was denied on June 19, 2003. Petitioner then filed a petition with the California Court of Appeal on July 11, 2003, which was denied on September 25, 2003. Finally, petitioner filed a petition in the California Supreme Court on October 6, 2003, which was denied on March 16, 2005. The instant federal petition was filed on July 1, 2008.

Giving petitioner the benefit of statutory tolling from June 16, 2003, through March 16, 2005, the instant petition is untimely because it was not filed until July 2008 – more than three years after the last state court decision in his case.

Respondent also notes that petitioner raises a claim in the petition relating to the loss of property. As respondent correctly states, such a claim is not cognizable on federal habeas review. When a state prisoner challenges the legality of his custody – either the fact of confinement or the duration of confinement – and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is cognizable in a petition for a writ of habeas corpus under 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49

F.3d 583, 586 (9th Cir. 1995) (per curiam).  Where a prisoner challenges the conditions of confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights action under 42 U.S.C. § 1983.  See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985).  Thus, 28 U.S.C. § 2254 cannot be used to challenge the conditions of confinement, and 42 U.S.C. § 1983 cannot be used to challenge the fact or duration of confinement.  Petitioner's property claim does not relate to the fact or duration of his confinement and, for this reason, it is not cognizable under § 2254.

Based on the foregoing, the undersigned recommends that respondent's unopposed motion to dismiss (Doc. 21) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 25, 2009

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE